Sandra BROWN, Plaintiff,

v.

**UNIFIED SCHOOL DISTRICT NO. 500, Kansas City, KS, Defendant.**

**No. CIV.A.03–2402–CM.**

United States District Court, D. Kansas.

June 8, 2004.

Albert F. Kuhl, Lenexa, KS, for Plaintiff.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff brings this action against defendant alleging violations of the Americans

with Disabilities Act (ADA), 42 .U.S.C. § 12101 *et seq.* This matter comes before the court on defendant's Motion to Dismiss (Doc. 17), pursuant to Fed.R.Civ.P. 12(b)(6), (1) all of plaintiff's claims for punitive damages requested in the complaint and (2) plaintiff's claim for compensatory damages requested in Count II of the complaint.

## I. Background

Defendant, United States School District No. 500, employed plaintiff, Sandra Brown, from 1996 to 2002. Plaintiff alleges that during the course of her employment, she possessed one or more disabling conditions that substantially impaired one or more of her major life activities. Plaintiff claims that, after informing defendant of her disabling conditions, plaintiff requested reasonable accommodations for her disabling condition(s), and defendant denied her request, in violation of the ADA. Plaintiff further alleges that her employment with defendant terminated after her unsuccessful request for reasonable accommodations, also in violation of the ADA. Defendant claims (1) that plaintiff's claims for punitive damages under the ADA are barred by 42 U.S.C. § 1981 a(b)(1), and (2) that plaintiff's claim for compensatory damages in Count II is barred if plaintiff is bringing a retaliation claim pursuant to 42 U.S.C. § 12203 of the ADA.

## II. Legal Standard

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court

accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher,* 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

## III. Analysis

### A. Punitive Damages

■ In both Counts I and II of her complaint, plaintiff has requested punitive damages. Defendant seeks dismissal of all of plaintiff's punitive damages claims because defendant, as a unified school district, is a political subdivision of the State of Kansas. Punitive damages may not be recovered for ADA violations against a "government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1). In her opposition to defendant's Motion to Dismiss, plaintiff acknowledges that defendant is a political subdivision of the State of Kansas and that any reference to punitive damages in her complaint was inadvertent and erroneous. Plaintiff also withdraws her claims for punitive damages against defendant. For this reason, the court grants defendant's motion to dismiss all claims for punitive damages in plaintiff's complaint.

### B. Compensatory Damages—Count II

Count II of plaintiff's claim is entitled "Violation of the Americans with Disabilities Act: Retaliatory Treatment." However, it is unclear from plaintiff's complaint under which provision of the ADA plaintiff

has brought her retaliation claim. Defendant contends that, if plaintiff's retaliation claim arises under 42 U.S.C. § 12203, plaintiff is barred from seeking compensatory damages. Defendant alternatively argues that if Count II is not a retaliation claim under Section 12203, then it is duplicative of the alleged discriminatory acts contained in Count I, and should be dismissed in its entirety as a duplicative claim.

 In her opposition to defendant's Motion to Dismiss, plaintiff asserts that her allegations in both Counts I and II arise under 42 U.S.C. § 12112(b). Plaintiff claims that the allegations in Count II, in which plaintiff claims that defendant retaliated against her by terminating her employment after she requested reasonable accommodations for her disabling conditions, arise under 42 U.S.C. § 12112(b)(5)(B). Compensatory damages are available for violations of Section 12112(b)(5). *Boe v. AlliedSignal Inc.*, 131 F.Supp.2d 1197, 1203 (D.Kan.2001).

 Section 12203 expressly prohibits retaliation against and intimidation of an employee who opposes an employer's acts of disability discrimination. 42 U.S.C. §§ 12203(a) & (b). To sustain a claim under Section 12203, plaintiff must show (1) she engaged in protected activity; (2) she was subjected to an adverse employment action after the protected activity; and (3) a causal connection between the protected activity and the adverse action. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir.1999). Plaintiff argues that her claim does not arise under Section 12203 because she did not engage in a protected activity as contemplated by the language of Section 12203, and that instead she is claiming a form of general discrimination under Section 12112(b)(5)(B), which would entitle her to claim compensatory damages.

 The court notes that a request for reasonable accommodations can be classified as protected activity for purposes of Section 12203. *Riechmann v. Cutler-Hammer, Inc.*, 95 F.Supp.2d 1171, 1188 (D.Kan.2000). Plaintiff may pursue a retaliation claim based on requesting accommodation provided that she had a good faith belief she was entitled to the requested accommodation. *Hutchings v. Kuebler*, 5 F.Supp.2d 1186, 1197 (D.Kan.1998) (citing *Butler v. City of Prairie Vill.*, 974 F.Supp. 1386, 1402 (D.Kan.1997) (citing *McKenzie v. Renberg's, Inc.*, 94 F.3d 1478, 1486 (10th Cir.1996))). Therefore, under the facts as alleged in Count II, the court believes plaintiff could bring her retaliation claim pursuant to Section 12203. However, compensatory damages are not available for violations of Section 12203. *Boe*, 131 F.Supp.2d at 1203.

Because the court is unclear regarding plaintiff's intent in bringing Count II, the court, at this time, denies defendant's motion to dismiss Count II, and further denies defendant's motion to dismiss the compensatory damages claim with regard to Count II. The court believes plaintiff's allegations in Count II could support, for purposes of the court's Rule 12(b)(6) analysis, a claim under either Section 12203 or Section 12112(b). **The court will allow plaintiff 20 days from the date of this Order to amend her complaint and clarify the basis for her allegations in Count II. If plaintiff chooses not to amend her complaint, the court will assume that plaintiff is proceeding with her allegations in Count II under Section 12112(b) and is proceeding with her claim for compensatory damages under Count II.**

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 17) is granted in part and denied in part. Specifically, defendant's motion to dismiss all claims for punitive damages in plaintiff's

complaint is granted. Defendant's motion to dismiss plaintiff's claims for compensatory damages in Count II, or in the alternative to dismiss Count II in its entirety, is denied.

**IT IS FURTHER ORDERED** that plaintiff shall have 20 days from the date of this Order to amend her complaint and clarify the basis for her allegations in Count II.